UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                      **DECISION AND ORDER**
                                                          14-CR-214S

CHARLES ROSE,

                      Defendant.

On May 7, 2018, Defendant Charles Rose pled guilty to possession with intent to distribute and distribution of cocaine base within 1,000 feet of a public housing authority property, in violation of 21 U.S.C. § 841 (a)(1), §860, and § 841 (b)(1)(C). On October 4, 2018, this Court sentenced Rose to a term of one year and one day of imprisonment followed by a 6-year term of supervised release. Rose has now completed over three years—just over half—of his six-year term of supervised release. Neither the government nor Rose's supervising probation officer opposes Rose's request.

On August 24, 2022, Rose moved to terminate the remaining period of his supervised release under 18 U.S.C. § 3583 (e)(1). (Docket No. 1138.) He contends that termination of his supervised release period is warranted because he has fully complied with his release conditions, has engaged in stable employment since his release, and has complied with a cognitive behavioral life skills program. For the reasons below, Rose's motion is denied.

A court may terminate a term of supervised release and discharge a defendant at any point after the defendant has served one year of supervised release. See 18 U.S.C. § 3583 (e)(1). But the court may do so only if it is satisfied that termination of supervised release is warranted by the defendant's conduct and the interest of justice, after

1

consideration of the relevant factors in 18 U.S.C. § 3553 (a).  Id.  Early termination may be appropriate, for example, to "account for new or unforeseen circumstances," which may include a defendant's exceptionally good behavior, that makes the imposed term of supervised release "either too harsh or inappropriately tailored to serve" the general goals of sentencing.  United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  New or changed circumstances, however, are not required.  See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

Having considered the relevant factors in 18 U.S.C. § 3553 (a), this Court finds that termination of Rose's term of supervised release is not warranted and would not be in the interest of justice.  Rose has been compliant with the terms of his supervised and has maintained steady employment, but this is simply what was expected of him. See, e.g., United States v. Fenza, No. CR 03-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); United States v. Jimenez, Nos. 99 Cr. 1110-02, 99 Cr. 1193-04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that "unblemished" conduct alone is insufficient to warrant the termination of supervised release, "since, if it were, the exception would swallow the rule."); see also United States v. Finkelshtein, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of

2

probation."); United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination [of probation] is not warranted where a defendant did nothing more than that which he was required to do by law.").

Consequently, in the absence of any compelling circumstances, this Court finds that the nature and circumstances of the offense and the continuing interests of deterrence counsel in favor of denying his motion.

IT HEREBY IS ORDERED, that Rose's Motion for Early Termination of Supervised Release (Docket No. 1138) is DENIED.

SO ORDERED.

Dated:       November 7, 2022
             Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge